IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| TRUCK DRIVERS AND HELPERS LOCAL UNION NO. 355 HEALTH & WELFARE FUND, by its Trustee, David White, Sr.<br>9411 Philadelphia Road, Suite S<br>Baltimore, Maryland 21237<br><br>and<br><br>TRUCK DRIVERS AND HELPERS LOCAL UNION NO. 355 RETIREMENT PENSION FUND, by its Trustee, David White, Sr.<br>9411 Philadelphia Road, Suite S<br>Baltimore, Maryland 21237<br><br>    Plaintiffs<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.<br>Suite 400<br>35 Glenlake Parkway<br>Atlanta, Georgia  30328<br><br>Serve:  Art Miller, Resident Agent<br>          14841 Sweitzer Lane<br>          Laurel, Maryland  20707<br><br>    Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*   Civil Action No. _____<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

**Jurisdiction**

1. The jurisdiction of this Court is based upon Section 502(f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(f), and upon 28 U.S.C. § 1331.

1

### Venue

2. Venue in this Court is proper under 28 U.S.C. § 1391 and Section 502(f) of ERISA, 29 U.S.C. § 1132(e)(2).

### Parties

3. Truck Drivers and Helpers Local Union No. 355 Health & Welfare Fund ("Health Fund") is an employee health benefit plan as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The administrative offices of the Health Fund are located at 9411 Philadelphia Road, Suite S, Baltimore, Maryland 21237.

4. Truck Drivers and Helpers Local 355 Retirement Pension Fund ("Pension Fund") is an employee pension benefit plan as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The administrative offices of the Pension Fund are located at 9411 Philadelphia Road, Suite S, Baltimore, Maryland 21237.

5. The operation and administration of the Health Fund and the Pension Fund (sometimes referred to collectively as the "Funds") are the responsibility of joint boards of trustees. Each board consist of employer and union trustees, who, as fiduciaries within the meaning of Sections 3(14)(A), 402 and 502(a)(3) of ERISA, 29 U.S.C. §§ 1002(14)(A), 1102 and 1132(a)(3), are obligated to collect delinquent employer contributions.

6. Defendant United Parcel Service, Inc. ("UPS"), is a corporation in good standing under the laws of the State of Maryland. At all times relevant, UPS employed persons in the Maryland as

drivers, jockeys, fuelers, mechanics, loaders or helpers.  UPS is an employer in an industry affecting commerce within the meaning of Section 3(5) and 3(12) of ERISA, 29 U.S.C. § 1002(5) and (12).

## Collective Bargaining Agreement and Trust Agreements

7. Truck Drivers, Helpers, Taxicab Drivers, Garage Employees and Airport Employees Local Union No. 355 ("Local 355"), an affiliate of the International Brotherhood of Teamsters, is an unincorporated employee organization engaged in representation of employees in an industry affecting commerce within the meaning of Sections 3(4) and 3(12) of ERISA, 29 U.S.C. §§ 1002(4) and (12).

8. At all relevant times, UPS was bound by a collective bargaining agreement ("CBA") with Local 355 which provided for the rates of pay, wages, hours of employment and other conditions of employment for covered employees of UPS.

9. Under the CBA, UPS was required to pay the Health Fund and the Pension Fund specified sums for each hour, or fraction thereof, "paid to each employee" in the collective bargaining unit from their date of hire.

10. By virtue of its collective bargaining agreement with Local 355, UPS was subject to the terms of the Truck Drivers and Helpers Local Union No. 355 Health & Welfare Fund Agreement and Declaration of Trust ("Health Fund Trust Agreement") and the Truck Drivers and Helpers Local 355 Retirement Pension Fund Restated Agreement and Declaration of Trust ("Pension Fund Trust Agreement").  With respect to UPS's contributions obligations, Section 4.1 of the Health Fund Trust Agreement and the Pension Fund Trust Agreement address the term "paid" as follows:

> (e) Each Employer shall make contributions to the Trust Fund on behalf of employees for all "hours worked" and/or all "hours paid" as these terms may be employed in any collective bargaining agreement.  The terms "hours worked" or "hours paid" shall mean and include from the first day hired through the date of termination:

>       (i)     All hours worked and required to be paid for by the Collective Bargaining Agreement;
>
>       (ii)    All hours not worked but required to be paid for by the Collective Bargaining Agreement, including but not limited to, shift minimum when applicable, weekly guarantees, earned vacations, holidays, and personal leave days;

>    \* \* \*

11.    The Health Fund Trust Agreement specifies that an employer delinquent in making benefit contributions is required to pay liquidated damages, in the amount of twenty percent (20%) of the amount of contributions not received by the Health Fund by the fifteenth day of the calendar month following the month for which the contributions are due.

12.    An additional provision of the Health Fund Trust Agreement specifies that an employer delinquent in making benefit contributions is required to pay interest on the delinquent amounts from the date the contributions are due through the date of judgment or payment, whichever occurs first, at the legal rate in the State of Maryland.  At all relevant times this rate was six percent (6%) annually.

13.    The Pension Fund Trust Agreement specifies that an employer delinquent in making benefit contributions is required to pay liquidated damages, in the amount of twenty percent (20%) of the amount of contributions not received by the Pension Fund by the fifteenth day of the calendar month following the month for which the contributions are due.

14.    An additional provision of the Pension Fund Trust Agreement specifies that an employer delinquent in making benefit contributions is required to pay interest on the delinquent amounts from the date the contributions are due through the date of judgment or payment, whichever occurs first, at the legal rate in the State of Maryland.  At all relevant times this rate was six percent (6%) annually.

15. Both the Health Fund Trust Agreement and the Pension Fund Trust Agreement provide that an employer delinquent in making benefit contributions is required to pay court costs and reasonable attorneys' fees incurred by the Funds in connection with any civil action for collection of such amounts.

## Count One
### Claim of Health Fund

16. The allegations of paragraphs 1-15 are incorporated by reference as if fully set forth herein.

17. According to an audit performed by the Health Fund's independent auditor, the results of which were communicated to the Health Fund in 2011, UPS has violated Section 515 of ERISA, 29 U.S.C. § 1145, the terms of the Health Fund Trust Agreement, and the CBA by failing to make required contributions in the amount of $5,394.54 to the Health Fund for the months of December 2008 through January 2010, for certain vacation hours paid to covered employees (the "vacation hours").

18. UPS has not paid the employee fringe benefit contributions for the vacation hours due and owing to the Health Fund for the months of December 2008 through January 2010, and therefore owes liquidated damages in the amount of $1,078.90.

19. UPS has not paid the employee fringe benefit contributions for the vacation hours due and owing to the Health Fund for the months of December 2008 through January 2010, and therefore owes interest, at the legal rate in the State of Maryland, on the total delinquent contributions, in an amount to be determined.

WHEREFORE, Plaintiff Truck Drivers and Helpers Local Union No. 355 Health & Welfare Fund prays:

      a.      That judgment be entered against Defendant in the amount of $5,394.54 for unpaid vacation contributions for the months of December 2008 through January 2010, together with interest at the rate of six percent (6%) annually from the date the contributions were due and owing until paid or until the date of judgment, whichever is sooner;

      b.      That judgment be entered against Defendant in the amount of $1,078.90, as liquidated damages due and owing for the months December 2008 through January 2010;

      c.      That the Health Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

      d.      That such other relief be granted as this Court deems just and proper.

## Count Two
## Claim of Pension Fund

20.      The allegations of paragraphs 1-19 are incorporated by reference as if fully set forth herein.

21.      According to an audit performed by the Pension Fund's independent auditor, the results of which were communicated to the Pension Fund in 2011, UPS has violated Section 515 of ERISA, 29 U.S.C. § 1145, the terms of the Pension Fund Trust Agreement, and the CBA by failing to make required contributions in the amount of $19,603.41 to the Pension Fund for the months of December 2008 through January 2010, for certain vacation hours paid to covered employees (the "vacation hours").

22.      UPS has not paid the employee fringe benefit contributions for the vacation hours due and owing to the Pension Fund for the months of December 2008 through January 2010, and therefore owes liquidated damages in the amount of $3,920.68.

23.     UPS has not paid the employee fringe benefit contributions for the vacation hours due and owing to the Pension Fund for the months of December 2008 through January 2010, and therefore owes interest, at the legal rate in the State of Maryland, on the total delinquent contributions, in an amount to be determined.

WHEREFORE, Plaintiff Truck Drivers and Helpers Local 355 Retirement Pension Fund prays:

a.     That judgment be entered against Defendant in the amount of $19,603.41 for unpaid vacation contributions for the months of December 2008 through January 2010, together with interest at the rate of six percent (6%) annually from the date the contributions were due and owing until paid or until the date of judgment, whichever is sooner;

b.     That judgment be entered against Defendant in the amount of $3,920.68, as liquidated damages due and owing for the months December 2008 through January 2010;

c.     That the Pension Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

d.     That such other relief be granted as this Court deems just and proper.

Respectfully submitted,

/s/
Corey Smith Bott
Bar No. 25673

/s/
Paul D. Starr
Bar No. 024789
Abato, Rubenstein and Abato, P.A.
809 Gleneagles Court, Suite 320
Baltimore, Maryland  21286
(410) 321-0990; (410) 321-1419 - fax
Attorneys for Plaintiffs